# United States District Court
## Northern District of Indiana

| | | |
|---|---|---|
| ROBERT SYSTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-CV-172 JVB |
| | ) | |
| | ) | |
| NORTHWEST AIRLINK/ | ) | |
| PINNACLE AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's motion to strike paragraphs 5 through 11 and paragraph 13 of Mark Duell's affidavit (DE 62), which the Plaintiff filed as Exhibit B to his designation of evidence (DE 48-2) in opposition to Defendant's motion for summary judgment. The Court denies the motion for the reasons set forth below.

## A.      Background

Mark Duell started out his employment with Pinnacle as a lead mechanic in Detroit and was later promoted to foreman. He worked with Plaintiff in his position as Fort Wayne Base Manager from January 2003 through April 2006 when Plaintiff worked in the Fort Wayne parts department.  Duell left Pinnacle in April 2006, before Plaintiff became parts foreman in Detroit in October 2006.  A full statement of the facts of this case may be found in the Court's Opinion and Order on Defendant's motion for summary judgment, which has been filed contemporaneously.

**B.	Discussion**

**1.	Paragraphs 5, 6, and 11**

Defendant claims that Duell's statements in paragraphs 5, 6, and 11 of the affidavit

concerning Plaintiff's performance as a parts department employee in Fort Wayne should be

stricken as irrelevant because this case involves his performance a parts foreman in Detroit, after

Duell left Pinnacle. The Court finds that this evidence is relevant as background information.

**2.	Paragraphs Seven, Eight and Ten**

In paragraph 7 Duell asserts that it was common knowledge that Plaintiff had filed a

charge of discrimination against Pinnacle because from time to time he would hear discussions

taking place among members of Pinnacle management in Memphis and among the Parts

Department and Maintenance departments in Memphis, Fort Wayne, and Indianapolis. In

paragraph 8 he explains how he came to know about Plaintiff's charge of discrimination and

reiterates that it was common knowledge among Pinnacle employees. In paragraph 10 he states

that both Larry Grant and Paula Ford were present at meetings during times when conversations

occurred about Plaintiff's EEOC charge. He mentions conversations in the parts and

maintenance areas of the hubs, as well as at monthly or every-other-month meetings at the

corporate offices in Memphis, which all department managers were required to attend.

Defendant objects that the information is speculation, because it does not contain specific

information about the identify of the participants in the discussions, or when and where the

discussions took place. The Court concludes that paragraphs 7, 8, and 10 should not be stricken.

Duell provides somewhat more than naked assertions of the general truth of the matters. *See*

*Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983).

**3.      Paragraph 9**

In Paragraph 9, Duell states that Paula Ford had worked under Larry Grant before she

was promoted.  He opines that they were very close: they frequently sat together at company

meetings, talked together frequently and appeared to be friends.  Defendant contends that Duell's

opinion that Ford and Grant were very close is opinion based on speculation and should be

stricken.  The Court determines that the opinion is admissible under Federal Rule of Evidence

701 as an opinion rationally based on the perception of the witness.  The statement will not be

stricken.

**4.  Paragraph 13**

In paragraph 13 Duell describes how parts were handled at Pinnacle while he was

employed there.  Defendant objects that Duell lacks personal knowledge of the relevant time

period and that he lacks personal knowledge of the parts operations in Detroit.  Paragraph 13 will

not be stricken.  The evidence has some tendency to make Plaintiff's contention that the part he

was accused of throwing away in April 2008 was not the disassembled hydraulic pump Easton

shipped back on March 12, 2008, more probable than it would be without the evidence, and it is

therefore relevant under Federal Rule of Evidence 401.

**C.**      **Conclusion**

For the reasons stated above, Defendant's motion to strike is DENIED.


SO ORDERED on May 28, 2010.


                                s/ Joseph S. Van Bokkelen
                                Joseph S. Van Bokkelen
                                United States District Judge
                                Hammond Division